IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SANDRA PEREZ,

          Plaintiff,

v.                                        CIVIL ACTION NO.   5:15-cv-13559

FIGI'S COMPANIES, INC. and
CHARMING SALES CO. ONE, INC.,

          Defendants.


CONTESSA HAMLET, et al.,

          Plaintiffs,

v.                                        CIVIL ACTION NO.   5:16-cv-04851

CREDIT BUREAU OF NAPA
COUNTY, INC., et al.,

          Defendants.


**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed *Defendant Alliance Collection Agencies, Inc.'s Motion to Consolidate* (Document 40 in Civil Action No. 5:16-cv-4851), the *Memorandum of Law in Support* (Document 41), the *Notice of Non-Opposition to Motion to Consolidate* (Document 53) filed by Defendants I.C. System, Inc., and Credit Management, LP, the *Plaintiffs' Notice of Non-Opposition to Motion to Consolidate* (Document 59), *Third-Party Defendant Charming Sales Co. One Inc.'s Opposition to Alliance Collection Agencies, Inc.'s Motion to Consolidate* (Document

70), *Figi's Companies, Inc.'s Memorandum in Opposition to Alliance Collection Agencies, Inc.'s Motion to Consolidate* (Document 71), and the *Reply of Alliance Collection Agencies, Inc. in Support of Its Motion to Consolidate* (Document 73), as well as all attached exhibits.

The Court has also reviewed *Defendant Alliance Collection Agencies, Inc.'s Request for Expedited Consideration of the Motion to Consolidate or, in the Alternative, Motion for a Hearing* (Document 123), *Charming Sales Co. One, Inc.'s Memorandum in Opposition to Alliance Collection Agencies, Inc.'s Motion to Expedite* (Document 125), the *Plaintiffs' Response to Defendant Alliance Collection Agencies, Inc.'s Request for Expedited Consideration of the Motion to Consolidate or in the Alternative Motion for a Hearing* (Document 126), and *Figi's Companies, Inc.'s Response to Alliance Collection Agencies, Inc.'s Request for Expedited Consideration of the Motion to Consolidate or in the Alternative Motion for a Hearing* (Document 127)

For the reasons stated herein, the Court finds that Alliance's motion to consolidate should be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The named Plaintiffs in this matter, Contessa Hamlet, Sandra Perez, and Dorothy Thompson, initiated this class action suit in the Circuit Court of Raleigh County, West Virginia, on April 22, 2016. They named the following debt collection agencies as Defendants: Credit Bureau of Napa County, d/b/a Chase Receivables, Alliance Collection Agencies, Inc., Credit Management, LP, Bonded Collection Corporation, I.C. System Inc., Omni Credit Services, Inc., Plaza Associates, Professional Recovery Consultants, Inc., and Van Ru Credit Corporation. Given the nature of the pleadings now before the Court, an overview of the allegations in both this matter and in *Perez v. Figi's Companies, Inc.*, Civil Action No. 5:15-cv-13559, is necessary.

The *Hamlet* Plaintiffs allege that they incurred debts owed to Figi's Inc. (now known as Charming) and/or Figi's Companies, Inc. (Figi's).[1] The *Hamlet* Defendants contracted with Figi's, Charming, or both, to collect the debts. Figi's and/or Charming added a collection fee to the Plaintiffs' accounts prior to contracting with the Defendants to collect the debts, which the Plaintiffs assert is in violation of West Virginia law. The Defendants sent the Plaintiffs (and all proposed class members) letters seeking to collect the debts, including the collection fees. The *Perez* Plaintiff, meanwhile, contends that, prior to transferring the accounts to the collection agencies, Charming and/or Figi's mailed letters to a substantially similar class of debtors, advising that, absent prompt payment, the allegedly unlawful collection fee would be added to their accounts and the accounts would be referred to collection agencies.

On June 30, 2016, the same day it filed its motion for consolidation, Alliance filed *Defendant Alliance Collection Agencies, Inc.'s Answer to Plaintiffs' Class Action Complaint and Third-Party Complaint Against Figi's Companies, Inc. and Charming Sales Co. One, Inc.* (Document 42) (third-party complaint). Therein, Alliance alleges that it entered into a Debt Collector Vendor Agreement (Agreement) with Charming on May 29, 2013, and continued to collect on accounts for Figi's after the asset sale until May 11, 2015. The Agreement contains indemnification agreements specifying each party's liability, as well as a forum selection clause

---

[1] On August 14, 2013, Figi's, Inc., Figi's Business Services, Inc., Figi's Gifts Inc., Ascena Retail Group, Inc., and Charming Shoppes, Inc., entered into an Asset Purchase Agreement with Mason Companies, Inc. Charming Sales Co. One, Inc., was incorporated in 1980 under the name AFIG, Inc., but changed its name to Figi's Inc., shortly thereafter. It changed to the present name of Charming Sales Co. One, Inc., on October 17, 2013. Figi's Companies, Inc., was incorporated on August 14, 2013, under the name Newco Entity 1, Inc., and changed its name to Figi's Companies, Inc., on September 10, 2013. Mason Companies, Inc., the purchaser of Figi's, Inc., *et al*, is the parent company of Figi's Companies, Inc. For ease of reference, the Court will refer to the third-party Defendants by their current names—Charming and Figi's—regardless of the entity's name at the time of the events in question. The Court notes, however, that Charming was called Figi's, Inc., at the time it communicated with the proposed class Plaintiffs and at the time it contracted with Alliance.

3

stating that conflicts should be resolved in Wisconsin state court. Alliance seeks indemnification, and Charming and Figi's have taken the position that *they* are entitled to indemnification under the terms of the agreement. Charming and Figi's have also moved to dismiss or transfer the third-party complaint based on the forum selection clause.

Shortly after this matter was removed to federal court, the Plaintiffs filed a motion to remand. The Court ordered limited jurisdictional discovery, and the Plaintiffs ultimately withdrew the motion to remand based on evidence regarding the total class size and amount in controversy. In the meantime, Alliance's motion to consolidate was fully briefed and is now ripe for ruling.

## DISCUSSION

Alliance moves for consolidation, arguing that both *Perez* and *Hamlet* "arise out of the same set of core operative facts and law." (Alliance Mem. in Supp. of Consolidation, at 1.) Alliance further asserts that the proposed class members will likely be largely the same. In addition, Alliance stresses the risk of double recovery and inconsistent adjudications absent consolidation. Briefing is now complete on a motion for summary judgment and a motion for class certification in *Perez*, and mediation in that matter took place on November 29, 2016.[2] In its motion to expedite, Alliance notes that one of the issues in Figi's motion for summary judgment involves Alliance's conduct in placing collection calls to Ms. Perez, generating concerns that the Court could issue rulings regarding Alliance's conduct in *Perez*, which would then impede Alliance's defense in *Hamlet*. Finally, Alliance is concerned that it could be prejudiced by its

---

2 The Court has been informed that mediation and settlement efforts in *Perez* are ongoing. The parties to the *Perez* matter are free to continue independent settlement efforts after consolidation.

exclusion from the *Perez* mediation. The Plaintiffs do not oppose consolidation,[3] and Defendants I.C. System, Inc., and Credit Management, LP, the only other *Hamlet* Defendants to file any response to the motion for consolidation, noted their lack of opposition.

Figi's and Charming, however, vigorously oppose consolidation. They argue that the two matters involve different letters, which should be evaluated independently, and that *Perez* would likely be delayed by consolidation, in view of its more advanced stage in litigation. Because the collection letters are not identical, Figi's and Charming assert that there will be little overlap in discovery, no potential for double recovery, and few efficiencies would result from consolidation. Instead, they argue, a jury could be confused and blame Charming or Figi's for the alleged unlawful actions of the debt collectors. Charming and Figi's further argue that the parties do not overlap, except due to Alliance's third-party complaint, which they have separately moved to dismiss. In their oppositions to the motion to expedite, both reiterate their previous arguments against consolidation, particularly the different stages of litigation, and stress that consolidation could hamper attempts to settle *Perez*.

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of related civil actions. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. Proc. 42(a). The Fourth Circuit Court of Appeals has given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent

---

3 The Plaintiffs filed a notice of non-opposition to the initial motion to consolidate. They subsequently filed a response to the motion to expedite, indicating that they believed the differing stages of litigation, particularly the pending mediation in *Perez* made consolidation impractical at that stage. As noted, the official mediation date in *Perez* has now passed, and the parties are free to continue efforts to settle *Perez* independently.

> adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. CIV.A. 2:04-0435, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (Copenhaver, J.).

The Court finds that consolidation is appropriate. In short, the proposed class action Plaintiffs assert that Charming and Figi's threatened to—and did—illegally add collection fees to their accounts, and then referred their accounts to collection agencies that proceeded to attempt to collect the unlawful fees. In Ms. Perez's case, and likely the cases of most proposed class members, the two cases involve the same debt and the same allegedly unlawful collection fee. Although the letters sent by Figi's or Charming are not identical to those sent by the collection agencies, the core legal issue of the lawfulness of the collection fee is the same in both cases. The factual issues are also overlapping and interconnected. Indeed, given the progression of events, there is more risk of confusion if the cases remain separate than if they are tried together, with each Defendant available to clarify its role. Consolidation will alleviate the significant risks of confusion and inconsistent judgments. Despite the concerns cited by the *Perez* parties, there is no reason for consolidation to interfere with efforts to mediate or settle either the entire, consolidated case or any portion of the case, including the *Perez* allegations.

*Perez* is currently scheduled for a bench trial beginning on January 23, 2017, while *Hamlet* is scheduled for a jury trial on June 12, 2017. The parties in *Perez* have filed an agreed motion seeking to stay deadlines, hold rulings in abeyance until December 31, 2016, to permit settlement

discussions, and issue a new scheduling order with a trial date in early March 2017. (Document 163 in Civ. Action No. 5:15-cv-13559.) Although *Perez* is an older case, with discovery now complete, the Court finds that the delay caused by consolidation does not pose a significant burden on any party. Further, should the Court grant the pending motion for class certification in *Perez*, an extension of deadlines would likely be necessary. Given the extension requested in *Perez*, combined with the Court's existing docket, consolidation with *Hamlet* could well result in an earlier trial date than scheduling *Perez* separately. Although the differing stages of the two cases limit potential efficiencies in discovery, consolidation will reduce the burden two trials would pose on witnesses, parties, and the Court. In addition, the third party claims against Figi's and Charming ensure that those companies will remain involved in related litigation at least until the resolution of *Hamlet*, dependent, of course, on the outcome of their motions to dismiss.[4] Accordingly, the Court finds that Alliance's motion to consolidate should be granted.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Alliance Collection Agencies, Inc.'s Motion to Consolidate* (Document 40) be **GRANTED** and that this matter be **CONSOLIDATED** with *Sandra Perez v. Figi's Companies, Inc., and Charming Sales Co. One, Inc.*, Civil Action No. 5:15-cv-13559. Civil Action No. 5:15-cv-13559 shall be designated as the lead case, and the matter shall proceed under that styling. However, the *Scheduling Order* (Document 39) entered in Civil Action No. 5:16-cv-4851 shall

---

[4] Figi's and Charming have moved to dismiss both for *forum non conveniens* based on a forum selection clause and for failure to state a claim. The Court presumes that the collection agencies, including Alliance, that have filed third-party complaints would re-file in a court that complies with the forum selection clause, should the Court dismiss those claims under the doctrine of *forum non conveniens*.

control. Any party that wishes to file a supplemental brief as to any motion currently pending in either case, in light of consolidation, may do so **no later than Tuesday, January 17, 2017.**

Finally, the Court **ORDERS** that *Defendant Alliance Collection Agencies, Inc.'s Request for Expedited Consideration of the Motion to Consolidate or, in the Alternative, Motion for a Hearing* (Document 123) be **DENIED AS MOOT.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 28, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA