# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

SANDRA PEREZ,

           Plaintiff,

v.                                             CIVIL ACTION NO.  5:15-cv-13559
                                                          (Consolidated with Civil Action No. 5:16-cv-4851)

FIGI'S COMPANIES, INC. and
CHARMING SALES CO. ONE, INC.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Figi's Companies, Inc.'s Motion for Summary Judgment* (Document 134) and *Memorandum of Law in Support* (Document 135), the *Plaintiff's Response in Opposition to Figi's Companies, Inc.'s Motion for Summary Judgment* (Document 144), and *Figi's Companies, Inc.'s Reply in Support of Its Motion for Summary Judgment* (Document 154), as well as all attached exhibits. For the reasons stated herein, the Court finds that the motion for summary judgment should be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff initiated this suit in the Circuit Court of Raleigh County on July 1, 2015, and filed an *Amended Class Action Complaint* on August 31, 2015. The Defendants removed the matter to federal court on September 29, 2015. A related suit, *Hamlet v. Credit Bureau, et. al.*, Civil Action Number 5:16-cv-4851, was filed in the Circuit Court of Raleigh County on April 28,

2016, and removed on May 27, 2016. On December 28, 2016, the Court ordered that the cases be consolidated.

In *Perez*, Plaintiff Sandra Perez, on behalf of herself and a proposed class, alleges that Defendants Charming Sales Co. One, Inc., and Figi's Companies, Inc., engaged in unlawful debt collection activity. She purchased items from Charming[1] on credit, and fell behind in her payments. She alleges that the Defendants sent her debt collection letters that unlawfully threatened to or did add collection fees, and referred her account to third-party collection agencies that likewise mailed letters seeking to collect allegedly unlawful fees. Ms. Perez, as well as additional named Plaintiffs Contessa Hamlet and Dorothy Thompson, sued the third-party collection agencies in *Hamlet* for similar letters seeking to collect improper collection fees for debt owed to Figi's and/or Charming. Charming and Figi's entered into an asset purchase agreement on August 14, 2013, and the sale was finalized on October 13, 2013. Figi's filed a motion to dismiss or for summary judgment early in this litigation, asserting that it was not liable for the challenged debt collection letters because the letters were sent before it purchased the company, and it did not assume liabilities of the nature alleged. The Court granted summary judgment to Figi's with respect to collection activity that took place prior to October 13, 2013, but found that questions of fact remained as to collection activity that continued after that date.

After Ms. Perez fell behind on her payments, Charming mailed her a collection letter dated September 6, 2013. That letter included a notice that a collection fee of up to $29.00 could be added to her account if she failed to make payments. Charming then referred her account to

---

1 Charming operated as Figi's, Inc., prior to entering into an Asset Purchase Agreement with the current Figi's Companies, Inc. For ease of reference, the Court will refer to the Defendants by their current names—Charming and Figi's, regardless of the entity's name at the time of the events in question. The Court notes, however, that Charming was called Figi's, Inc., at the time it communicated with the Plaintiff.

Alliance Collection Agencies, Inc. Alliance sent Ms. Perez a letter, dated October 2, 2013, that included a balance due of about $19 extra due to the imposition of a collection fee. Her balance increased from $73.44 to $92.53. Alliance also made telephone calls to Ms. Perez's number from October 7, 2013 through January 30, 2014. According to Alliance's records, no call was answered until January 30, 2014, when Ms. Perez's husband falsely informed the caller that she had moved to Florida, and her number was removed from the system. Messages were left on several occasions, explaining that the calls were in relation to a debt and providing contact information. Ms. Perez does not have a clear recollection of when she received calls related to the Figi's debt. She was receiving frequent calls and letters in relation to credit card, medical, and other unpaid accounts. Ms. Perez testified, however, that she typically returned calls when there was a message, and believed she had spoken to callers regarding the Figi's debt, though she did not know when any conversations may have taken place.[2]

Figi's stopped adding a collection fee about a month after the closing of the Asset Purchase Agreement. However, the collection fee remained on accounts, including Ms. Perez's account, which had previously been referred to collection agencies. Prior to the closing of the Asset Purchase Agreement, Figi's officials exchanged communications regarding the legality of collection fees. In April 2014, Figi's removed collection fees that had been added to accounts. Ms. Perez received a collection letter in June 2014 that referenced a balance of $73.44, her original balance absent any collection fee.

---

2 Ms. Perez kept call logs for a time, but threw them away. Figi's filed a motion for sanctions, which has been withdrawn, and a motion in limine, regarding the alleged spoliation of evidence. Though that motion is unresolved, the Plaintiff has agreed "that she would not offer any evidence on telephone calls that is contrary to" a declaration summarizing Alliance's records. (Pl.'s Resp. to Mot. in Limine, at 2) (Document 267.) She has relied on the Defendants' records in her briefing.

Figi's filed the instant motion for summary judgment on October 5, 2016, following discovery. Several other motions remain pending, including the *Plaintiff's Motion for Class Certification* (Document 131) and motions for summary judgment filed by other parties. The Court has been informed that the *Hamlet* plaintiffs have reached a settlement agreement with the third-party collection agencies, and Ms. Perez has reached a settlement agreement with Charming. Because the Court finds that Figi's is entitled to summary judgment, no other motions involving Figi's require resolution.

**STANDARD OF REVIEW**

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must

view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Figi's argues that it is entitled to summary judgment because it did not send any letters referencing a collection fee. It argues that the telephone calls made after October 13, 2013, are not a basis for liability pled in the complaint, were made by a third party, and did not constitute a violation because no conversation or message referenced either a collection fee or Ms. Perez's balance. Figi's emphasizes Ms. Perez's admission that she did not receive debt collection letters that mentioned a collection fee or that included a loan balance with a collection fee after October 13, 2013. Figi's argues that it is entitled to summary judgment as to the class claims because Ms. Perez lacks standing to pursue them without her own viable claim. Ms. Perez argues that an illegal collection fee undisputedly remained on her account after October 13, 2013, and Alliance sought

5

to collect it via telephone calls made on Figi's behalf. Ms. Perez had been informed of an increased balance due to the imposition of a collection fee, and so, she argues, the collection calls constitute attempts to collect an unlawful fee.

The Court finds that Figi's is entitled to summary judgment. West Virginia Code § 46A-2-128 bars unfair or unconscionable means of debt collection. That section further specifies that "[t]he collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered" and "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating or modifying the obligation and by statute or regulation" constitute violations. W.Va. Code § 46A-2-128(c)-(d) (version effective through June 5, 2014). The Plaintiff additionally alleges violations of WVCCPA sections barring debt collection activity that involves threats or coercion; unreasonable, oppressive, or abusive conduct; and fraudulent, deceptive, or misleading representations. *Id.* at §§ 124, 125, 125(d),[3] 127. She specifically alleges that a debt collection letter attached to the complaint, and/or additional, similar letters, violated each section of the WVCCPA.

Ms. Perez has not alleged violations based on telephone calls, and has not sought to amend her complaint to add such claims.[4] It is undisputed that no letters imposing or threatening to impose a collection fee were sent to Ms. Perez after Figi's acquired the company and her account.

---

3 The amended class action complaint alleges that "the letter attached as Exhibit 1 is oppressive and abusive in violation of *West Virginia Code* § 46A-2-125(d)." (Am. Compl. at ¶ 13(d)) The version of Section 125(d) in effect at the time of the events alleged in the complaint bars repeated or continued telephone calls or telephone calls at unusual or inconvenient times. The Plaintiff's intention in alleging that a letter violated § 125(d) is unclear.

4 If the WVCCPA violations were pled in more general terms, it might be read to encompass any type of communications. However, the amended complaint mentions only letters within the factual allegations, and each legal allegation is specifically linked to the allegedly improper letter(s).

Even if the amended complaint could be read to include telephone calls seeking to collect unlawful collection fees, there is no evidence that any telephone call or message referenced a collection fee. Ms. Perez argues that missed calls and voice messages regarding the Figi's debt communicated more than their content because of the prior letters imposing a collection fee. While an unanswered call may be a "communication" within the meaning of the WVCCPA, it is not an "attempt to collect…the debt collector's fee" or other unlawful charges. *Stover v. Fingerhut Direct Mktg., Inc.*, No. CIV.A. 5:09-CV-00152, 2010 WL 1050426, at *4 (S.D.W. Va. Mar. 17, 2010) (Berger, J.) ("Unanswered telephone calls may constitute communication, as such calls can be conduct that expresses information to the intended recipient.") An attempt to collect unlawful fees requires specific communication of such fees. The Court declines to accept the Plaintiff's premise that *any* communication after an initial imposition of an allegedly unlawful fee is an implicit attempt to collect that unlawful fee, and another violation of the provisions barring such collection. In short, because Ms. Perez did not engage in conversation with the debt collectors, she did not give them an opportunity to demand that she pay unlawful fees in violation of the WVCCPA—or engage in any other violative communication. The WVCCPA bars certain abusive behaviors by debt collectors. It does not bar any attempt to collect a legitimate debt. Ms. Perez has not produced evidence that would permit a reasonable jury to find that Figi's is liable to her. As Ms. Perez's personal claims against Figi's are not viable, she cannot bring related claims on behalf of a class.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Figi's Companies, Inc.'s Motion for Summary Judgment* (Document 134) be **GRANTED.** The

Court further **ORDERS** that all pending motions be **TERMINATED AS MOOT**, given the parties' settlement of the remaining matters in the consolidated cases. The settling parties may proceed with seeking approval of the class settlements.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 28, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA