# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

SANDRA PEREZ,

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 5:15-cv-13559
                                                                              (Consolidated with Civil Action No. 5:16-cv-4851)

FIGI'S COMPANIES, INC. and
CHARMING SALES CO. ONE, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Defendant Figi's Companies, Inc.'s proposed *Bill of Costs* (Document 277), the *Plaintiff's Objections to Figi's Companies, Inc.'s Bill of Costs* (Document 278), and *Figi's Companies, Inc.'s Response to Plaintiff's Objections to Figi's Companies, Inc.'s Bill of Costs* (Document 279).

Figi's submitted a bill of costs totaling $4,173.68. That total consists of $486.20 for copies and $3,687.48 for transcription. The transcription total includes video depositions of Sandra Perez, Contessa Hamlet, and Dorothy Thompson, as well as transcripts. The Plaintiff argues that videotaping the depositions of Ms. Hamlet and Ms. Perez was unnecessary and the associated costs should be excluded, and challenges the costs for photocopies because Figi's did not explain the purpose of the copies. Figi's asserts that written transcripts were necessary for motion practice, and would have been needed for objections had the case proceeded to trial, and that video transcripts were also used in briefing. Further, Figi's explains that Ms. Hamlet

indicated that she planned to move out of state, and both Ms. Hamlet and Ms. Thompson were reluctant to appear. Both also had backgrounds that raised credibility issues. Therefore, Figi's argues, the video depositions were necessary to ensure that the testimony could be presented at trial, and to more effectively prepare for cross-examination and present rebuttal or impeachment testimony. Figi's also supplied additional detail regarding the purpose of the copies, which were either for service of documents or for use during depositions and mediation.

28 U.S.C. § 2412(a)(1) permits courts to award the costs enumerated in § 1920 to the prevailing party in civil litigation against the United States. Section 1920(2) enumerates the fees and costs that may be awarded, including "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." In 1999, the Fourth Circuit held that § 1920(2) permits recovery of the costs of both stenographic and video transcripts only if "both costs were 'necessarily obtained for use in the case.'" *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (explaining that "[t]he concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial).

Although the Court granted judgment prior to trial, it was reasonable and prudent of Figi's to obtain video depositions of the Plaintiff and of Ms. Thompson and Ms. Hamlet, who were named Plaintiffs in a consolidated case. The video depositions could have been the only method of presenting the testimony at trial. The photocopies, likewise, appear reasonable and necessary based on the additional information supplied in Figi's response.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that Figi's Companies, Inc.'s proposed *Bill of Costs* (Document 277) be **GRANTED** in the amount of

2

**$4,173.68,** and that the *Plaintiff's Objections to Figi's Companies, Inc.'s Bill of Costs* (Document 278) be **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 13, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA